UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-60686-DPG

ROSE WISE,

       Plaintiff

vs.

CITY OF LAUDERHILL, a municipal corporation
and political subdivision of the State of Florida,

       Defendant.

_____/

## CITY OF LAUDERHILL'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, CITY OF LAUDERHILL (the "City"), pursuant to *Federal Rule of Civil Procedure 12(b)(6)* and *Local Rule 7.1*, respectfully moves to dismiss Plaintiff's First Amended Complaint (DE #1, Attachment # 2), hereinafter referred to as (*AmComp.*¶__).

### Introduction

Plaintiff, Rose Wise (also "Wise"), owned a house in the City of Lauderhill which was significantly damaged by fire. She claims the City refused to renew her expired demolition permit resulting in the demolition of the house pursuant to a demolition order issued by the Broward County Unsafe Structure Board ("The Board"). The house was demolished on January 7, 2006.[1]  Wise

---

[1] The Plaintiff's initial Complaint alleged that the house was demolished on January 7, 2006 (DE # 5, Attachment # 1, ¶ 10). However, when the Plaintiff filed her Amended Complaint, she still alleged that the house was demolished, but she omitted the demolition date presumably to avoid a clear violation of the statute of limitations. She raised three new claims in her Amended Complaint, all triggered by the demolition of her home and subject to four year statutes of limitation. *See FL. Stat 95.11(3) (g)* (trespass)  and *(p)* (due process and condemnation). The limitation bars would have been blatantly evident on the face of the Amended Complaint had the date of demolition not been omitted.  This obvious tactic was not well played here because the Court can consider the initial complaint with the date of demolition in this circumstance.  Factual allegations and documents referenced within and attached to a prior Complaint may be considered when ruling on the merits of an Amended Complaint. *See Gross v.*

asserts that the alleged denial of the demolition permit was a violation of her substantive due process rights. She also claims that the City used her home as a SWAT training ground while it was declared an unsafe structure which, along with the demolition of the house, constituted trespasses on her property. Finally, she claims the demolition of her house was a "taking" without just compensation.

As shown below, Wise cannot state a claim for relief because she has no cognizable claim as a matter of law for the alleged violation of her substantive due process rights and that claim, along with her claims for trespass and inverse condemnation, are barred by the applicable statutes of limitation.

### Plaintiff's Allegations

In or about 2004, a fire damaged the Plaintiff's house. *AmComp.* ¶ 6. In November, 2004, the Plaintiff attempted to pull a permit for repairs but it was denied because she had not engaged a contractor. *AmComp.* ¶8. The Plaintiff retained a contractor, the permit was issued and in January 2005 she began making repairs to the house. Between February and May 2005, during inspections, the Plaintiff was instructed to remove additional portions of the damaged house. *AmComp.* ¶¶ 9, 10 and 11. In May 2005, the City declared the house an unsafe structure and referred the matter to the Broward County Unsafe Structure Board. *AmComp.* ¶ 12.

On July 5, 2005, the Board issued a Notice of Violation for Unsafe Structures, but allowed the Plaintiff ten (10) days within which to obtain a new permit to make repairs. *AmComp.* ¶13. On July 18, 2005, the Board held a hearing and issued an order allowing the Plaintiff until August 18, 2005

---

*White*, 340 Fed. Appx. 527, 534 (11th Cir. 2009). Additionally, being aware of facts and choosing to include or remove them in a proposed amendment to a Complaint as a tactical maneuver is improper. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981). When a party engages in such behavior, the Amended Complaint may be disallowed for engaging in bad faith. *Ibid.*

*Rose Wise v. City of Lauderhill., CACE 07-005340 (18)*

within which to renew her demolition permit "as the old one had expired." She was also given until

September 15, 2005 to submit plans for reconstruction. *AmComp.¶ 14.* On August 15, 2005 (three

days before the Board deadline to apply for a permit), Wise applied to "renew her permit." However,

it was denied because her permit had been expired for over five (5) months. *AmComp. ¶15.*

Wise contends that she met all requirements to keep her permit active. Notwithstanding, the

City denied her request to renew the permit, which Plaintiff claims was without good cause or

reason. *AmComp. ¶¶16 and 17.* As a result, "the Board proceeded with demolishing the Plaintiff's

house."*AmComp.¶18.* Tellingly, the Amended Complaint does not allege that Wise attempted to

obtain a new permit after her application to renew the expired permit was denied, nor that she

petitioned the Board for relief from its demolition order.

Wise also claims, for the first time eight (8) years after filing her original Complaint, that the

City utilized her structurally unsafe house for SWAT training "during the time that Plaintiff's house

was declared an "unsafe structure." She also claims, again for the first time, that "during the time

the Plaintiff's house was declared an unsafe structure," the Defendant had plans to construct a street

wall on 44th Street which would have encroached on her property. *AmComp. ¶21.*[2] She concludes,

without supporting facts, that the City's renewed permit denial was made with "ulterior motives" to

---

[2] Notably, Wise does not allege that the wall, in place now for nearly 7 years, actually encroached on her property. The wall was built to provide noise reduction and a barrier to a major roadway running along the rear of Wise's and other citizens' properties actually improving their value. The wall was constructed in the City's right of way (not where any of the homes were situated) and actually increased the size of the Plaintiff's lot by 300 sq. feet rather than taking any of it. This is precisely why the Plaintiff never complained about the wall until one month ago or actually include it in her trespass claim. She raises it now, along with the SWAT training allegation, under the transparently misplaced notion that by alleging these dubious "ulterior motives" her substantive due process claim might stick.

*Rose Wise v. City of Lauderhill., CACE 07-005340 (18)*

wit: utilizing the Plaintiff's property as a SWAT training ground and circumventing an eminent domain action to compensate the Plaintiff for use of her property for the 44th Street wall project. *AmComp. ¶22.* Finally, the Plaintiff contends that the City demolished her house for its own use depriving her of substantial economic beneficial and productive use of the property constituting a taking without just compensation. *AmComp.¶ ¶ 42 and 43.*

**Standard for Motion to Dismiss**

In deciding a motion to dismiss for failure to state a claim, the Court must view the complaint in the light most favorable to the plaintiff. *See Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir.2000) (citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir.1999)). While, *Rule 8(a)(2)* requires a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (citation omitted), a plaintiff is still required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted).

The Court must assume that all of the allegations in the complaint are true, however, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a *Rule 12(b) (6)* motion is not whether the plaintiff's theories will ultimately prevail, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove them. See *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir.1986). As explicated below, the Plaintiff fails to sufficiently state a claim for relief under settled law.

4

*Rose Wise v. City of Lauderhill., CACE 07-005340 (18)*

**The Plaintiff Fails to State a Claim for Violation of Substantive Due Process**

Wise asserts that her substantive due process rights under the United States and Florida Constitutions were violated by the City's denial of the "necessary permits to rebuild her house on the Property, so it could utilize it for SWAT training, and to build the 44th Street wall." *AmComp.* ¶ 30.  The Plaintiff essentially contends that she had a substantive due process right to a demolition permit, which fails as a matter of law.  First, the Plaintiff's substantive due process claim, raised for the first time in her amended complaint, is barred by the four year statute of limitation.  *See Section 95.11 (f) or (p)*, *Fla. Stat.*; *Sherrod v. Palm Beach County School Board*, 620 F. Supp. 1275 (S.D. Fla. 1985);  *McRae v. Douglas*, 644 So.2d 1368 (Fla. 5th DCA 1994).  The house was demolished in 2006, therefore, Wise has filed five years past the bar date for this claim.

Second, with respect to substantive due process claim under the United States Constitution, it is settled law that property rights are state created rights, not fundamental rights created by the Constitution. Therefore, a substantive due process claim for denial of a permit is not actionable. The substantive component of the due process clause protects those rights that are "fundamental"; that is, rights that are "created only by the Constitution." *McKinney v. Pate*, 20 F. 3d. 1556 (11th Cir 1994) (enbanc).  "Property interests, of course, are not created by the Constitution.  Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth,* 408 US 564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed. 2nd 548 (1972).  Thus, there "is generally no substantive due process protection for a state created property right."  *Greenbriar Village LLC v. Mountain Brook City,* 345 F.3d 1258, 1262 (11th Cir. 2003); *DeKalb Stone Inc the County of  DeKalb, Georgia* 106 F. 3d. 956 (11th Cir.

5

*Rose Wise v. City of Lauderhill., CACE 07-005340 (18)*

1997); *Kentner* v. *City of Sanibel* 750 F. 3d. 1274, 1279 (11ᵗʰ Cir. 2014).  "Plaintiff claims that

Defendant's denial of permits constituted a substantive due process violation, but these types of

claims have been all but eliminated in the [Eleventh Circuit]." *Henry Co. Homes v. Curb,* 548 F.

Supp. 2d 1281, 1293 (N.D. Fla. 2008), *citing McKinney* at 1556.  The Plaintiff's due process claim

under the United States Constitution must be dismissed.[3]

Wise fails to state a cause of action for substantive due process under the Florida

Constitution, Art. I § 9, as well.  "Florida law is clear that there is no property right in possession of

the permit." *Marine One, Inc. v. Manatee Cnty*., 877 F.2d 892, 894 (11th Cir. 1989) *citing City of*

*Hollywood v. Hollywood Beach Hotel Co.*, 283 So.2d 867 (Fla. 4th DCA 1973), *aff'd in part, rev'd*

*in part on other grounds*, 329 So.2d 10 (Fla.1976); *City of Boynton Beach v. Carroll*, 272 So.2d 171

(Fla. 4th DCA), *cert. denied*, 279 So.2d 871 (Fla.1973).  The exhaustive analysis of the Plaintiff's

due process claim under the Florida Constitution by the Eleventh Circuit in *Coral Springs St. Sys.,*

*Inc. v. City of Sunrise*, 371 F.3d 1320, 1334 (11th Cir. 2004), is instructive here.  There, the Court

examined the history of Florida cases addressing due process permit claims and concluded:

> As best we can tell, absent either a finding of equitable estoppel or
> bad faith, no Florida court has ever found a vested right to exist in a
> sign permit or similar entitlement.  In this case we can find neither
> equitable estoppel nor bad faith, and, accordingly, Coral Springs does

---

[3] This holds especially true here where the actions complained of are non-legislative executive actions."[N]on-legislative, or executive, 'deprivations' of state created rights, which would include land use rights, cannot support a substantive due process claim, not even if the Plaintiff alleges the government acted arbitrarily and irrationally. Constitutional due process is satisfied for these deprivations when proper procedures are employed." *Greenbriar Village LLC*, 345 F. 3d. 1263 (citing *McKinney* 20 F. 3d. 1559). See also *City of Pompano Beach v. Yardarm Restaurant Inc.*, 834 So. 2d. 861, 869 (Fla. 4ᵗʰ DCA 2003) ("[U] nder McKinney, on its substantive due process claim under 42 U.S. §1983, [the Plaintiff] had to show that the governmental activities in this case constituted 'legislative' conduct.").

*Rose Wise v. City of Lauderhill., CACE 07-005340 (18)*

not have a vested right to a sign permit. *Id* at 1334.

Wise has not premised her claim on equitable estoppel. Rather, she appears to contend that the City acted in bad faith by refusing to renew her permit because it was in desperate need of an unsafe structure for training purposes and because it had "plans" to put in a wall which "would" have encroached on her property. Both allegations fail to establish bad faith on the part of the City.

Contextually, the City submits that the Court should treat these new "ulterior motive" allegations raised eight (8) years after suit was filed and nine (9) years after the house was demolished in support of her new and late filed substantive due process claim with the appropriate suspicion. Wise states that the City issued her initial permit and denied her attempt to renew it because it had expired by five months. She alleges that the Board likewise ruled that her permit had expired. Refusing to "renew" an "expired" permit cannot facially support a bad faith claim.

Recognizing this obstacle, Wise obviously searched for any action by the City which she could attempt to warp into alleged bad faith. Despite her efforts, Wise provides no factual connection between the refusal to renew an expired permit and the "ulterior" motives of using her property for training and to build a wall. There is no allegation that the official denying the permit was involved in either of the "ulterior" undertakings or any other allegations supporting Wise's unsupported conclusion that the two are connected. More important, the allegations regarding training are nonsensical and contradictory on their face. Wise admits that the City issued her a permit initially. If the City needed to expose its SWAT team to the dangers of her unsafe house for training purposes (with all of the attenuated City liability), it would not have issued the permit originally and allowed her to begin repairs or referred the matter to the Board for fear it would order

7

*Rose Wise v. City of Lauderhill., CACE 07-005340 (18)*

its SWAT training facility demolished.

The absence of any allegation that she raised this alleged trespass with any administrative or judicial body until one month ago coincidentally with her attempt to state a claim for substantive due process is troubling enough, but without any causal connection between the alleged trespass and permit denial, at most the Plaintiff alleges that the Board and the City concluded that her permit expired and the City refused to renew it; a decision to which she disagreed. And, she apparently failed to apply for a new demolition permit after the refusal to renew the expired permit. This hardly states a claim for bad faith sufficient to support a state law substantial due process claim.

The allegations about the wall are even more circumspect. Wise, to this day, has brought no action for condemnation regarding the wall <u>because it never encroached on her property</u>. She is clearly fishing for any flimsy basis to convince this Court to allow her substantive due process claim to stand. That tactic is demonstrably at play in the way she couches her allegations concerning the wall: the City had "plans" to construct the wall which "would" have encroached on her property. She does not allege that the wall did in fact encroach on her property and even more telling, a careful reading of her inverse condemnation claim reveals that she is not asking for compensation resulting from the construction of the wall. Similar to the SWAT allegations, there is no factual basis connecting the wall construction to the permit denial.

The Court should also note that the complaint here is that the City denied Wise a renewal permit to demolish the home, which <u>had already been ordered by the Board</u>, a separate governmental entity. *AmComp. ¶13.* Wise makes no allegation that she appealed the Board's ruling or disputed

*Rose Wise v. City of Lauderhill., CACE 07-005340 (18)*

it.[4]  When she attempted to renew her demolition permit, it was denied because it had been expired for five months. *AmComp. ¶15.*  There is no allegation that any action by the City, as opposed to the Board, caused her home to ultimately be demolished.  *AmComp. ¶18.*  At most, the alleged aggrieved right here is to a renewal demolition permit as opposed to a new permit for the demolition.  There is no action by the City rising to any level of constitutional harm.

For all of these reasons, the Plaintiff fails to state a cause of action under long standing case law and her count for violation of her substantive due process rights should be dismissed with prejudice.

### Plaintiff's Claims for Trespass and Inverse Condemnation are Barred

In Counts II and III, Wise attempts to state claims for trespass and inverse condemnation. Both of these causes of action are well beyond their four year statutes of limitation.

Trespass is subject to the four year statute of limitations set forth in *Section 95.11(3)(g)*, *Florida Statutes*.  The  first alleged trespass by the City, allowing its SWAT team to use the Plaintiff's unsafe house as a training ground, occurred while the house  was declared an unsafe structure prior to demolition. *AmComp. ¶¶19 and 35.*  The second alleged trespass occurred when the house was demolished  *AmComp.¶ 35.*  The Plaintiff alleged in her initial complaint that the house was demolished on January 7, 2006.  Therefore, the statute of limitations for trespass expired on January 7, 2010, at the latest.

---

[4]*See for example, Edco Enterprises, Inc. v. Metro. Dade Cnty. Unsafe Structures Bd.*, 458 So. 2d 18, (Fla. 3rd DCA 1984) (petition for writ of common law certiorari seeking review of a per curiam opinion of the Appellate Division of Dade County Circuit Court affirming a decision of the Metropolitan Dade County Unsafe Structures Board that certain uncompleted structures were unsafe and ordered that they be demolished).

*Rose Wise v. City of Lauderhill., CACE 07-005340 (18)*

The four year statute of limitations likewise applies to Wise's inverse condemnation claim.

*See Section 95.11 (3)(p), Florida Statutes; New Testament Baptist Church Incorporated of Miami v. Department of Transportation*, 993 So. 2d. 112 (Fla. 4th DCA 2008) (four year statute of limitations applies to inverse condemnation action); *Heckman v. City of Oakland Park*, 644 So. 2d.525 (Fla. 4th DCA 1994); *Szapor v. City of Cape Canaveral*, 775 So. 2d. 1016 (Fla. 5th DCA 2001). The claim for inverse condemnation is premised upon the demolition of the Plaintiff's house on January 7, 2006. *AmComp. ¶42 and 43.* Similar to the trespass claim, the statute of limitation for inverse condemnation would have run on January 7, 2010. Counts II and III must be dismissed with prejudice.

WHEREFORE, Defendant, CITY OF LAUDERHILL respectfully requests that Plaintiff's First Amended Complaint be dismissed with prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by E- Mail on this 13 day of April, 2015, upon counsel for Plaintiffs, Ira Scot Silverstein, Esq., service@isslawyer.com; Ira Scot Silverstein, LLC, 2900 W. Cypress Creek Road, Ste. 6, Ft. Lauderdale, FL 33309.

WALDMAN TRIGOBOFF HILDEBRANDT
MARX & CALNAN, P.A.
Broward Financial Center
500 E Broward Blvd, Ste. 1700
Fort Lauderdale, FL 33394
Telephone: (954) 467-8600
Facsimile: (954) 467-6222

By: __/s/ William E. Calnan_____
William E. Calnan
Florida Bar No. 938785
Wcalnan@waldmanlawfirm.com

10