UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.: 15-CV60686-DPG

ROSE WISE,

    Plaintiff,

vs.

CITY OF LAUDERHILL, a municipal
Corporation and political subdivision of
the State of Florida,

    Defendant.
_____/

**DEFENDANT, CITY OF LAUDERHILL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF, ROSE WISE'S, FIRST AMENDED COMPLAINT**

Comes now, the Defendant, City of Lauderhill (the "City"), by and through its undersigned counsel and hereby files this, its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and states as follows:

1. Denied.

2. The City lacks knowledge or information sufficient to form a belief about the truth of these allegations, therefore, denied.

3. Admitted.

4. Admitted.

5. The City lacks knowledge or information sufficient to form a belief about the truth of these allegations, therefore, denied.

CASE NO.: 062007CA005340AXXXCE

6. The City lacks knowledge or information sufficient to form a belief about the truth of these allegations, therefore, denied.

7. The City lacks knowledge or information sufficient to form a belief about the truth of these allegations, therefore, denied.

8. Admitted.

9. The City lacks knowledge or information sufficient to form a belief about the truth of these allegations, therefore, denied.

10. The City lacks knowledge or information sufficient to form a belief about the truth of these allegations, therefore, denied.

11. Admitted that inspections were made by the City and that the unsafe structure failed inspections.

12. Admitted that the property was declared an unsafe structure and referred to the Broward County Unsafe Structures Board.

13. Admitted.

14. Admitted that the Board issued a Demolition Order. Without knowledge or information sufficient to form a belief about the truth of the balance of the allegations contained herein, therefore, denied.

15. Admitted that the Plaintiff's permit expired.

16. Denied.

17. Denied.

18. Denied.

CASE NO.: 062007CA005340AXXXCE

19. Denied.

20. Denied.

21. Admitted that the City constructed a wall along 44th Street. The balance denied.

22. Denied.

23. Denied.

24. Denied.

### COUNT I- VIOLATION OF DUE PROCESS

25- 33. This Count has been dismissed by the Court, therefore, no response is necessary.

### COUNT II- TRESPASS

34. The City readopts and realleges its responses to paragraphs 1 through 25 of the Plaintiff's Amended Complaint as if set forth herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

### COUNT III- INVERSE CONDEMNATION

39. The City hereby readopts and realleges its responses to paragraphs 1 through 25 of the Plaintiff's Amended Complaint as if set forth herein.

40. Admitted.

41. Denied.

CASE NO.: 062007CA005340AXXXCE

42. Denied.

43. Denied.

44. Denied.

**AFFIRMATIVE DEFENSES**

1. As and for its First Affirmative Defense, the Plaintiff's claims are barred by the applicable Statute of Limitations.

2. As and for its Second Affirmative Defense, the Plaintiff failed to exhaust all administrative remedies before filing suit, therefore, her claim should be dismissed or barred.

3. As and for its Third Affirmative Defense, the 44th Street wall complained of by the Plaintiff was constructed in the City's right of way, therefore, there was no "taking" as complained of by the Plaintiff.

4. As and for its Fourth Affirmative Defense, the City is entitled to set off for all fines, liens or penalties owed by the Plaintiff to the City.

5. As and for its Fifth Affirmative Defense, the Plaintiff failed to comply with the statutory notice requirements of Section 768.28, therefore, her claim for trespass is barred.

6. As and for its Sixth Affirmative Defense, the Plaintiff failed to mitigate her damages by appealing the Unsafe Structure Board's order to demolish her home, failing to make the necessary repairs to comply with the order, failing to follow the procedures to obtain a permit to demolish and reconstruct the home and otherwise demolishing and repairing her home so that it was not an unsafe structure.

CASE NO.: 062007CA005340AXXXCE

7. As and for its Seventh Affirmative Defense, the Plaintiff has no statutory right to the issuance of a permit, therefore, her failure to obtain a permit cannot constitute a taking. Therefore, her claims failed to state the cause of action and should be dismissed.

8. As and for its Eighth Affirmative Defense, the Plaintiff's claims are barred by the doctrines of waiver and laches in that any trespass or alleged condemnation occurred on or before January 7, 2006 when her infrastructure was demolished and the Plaintiff waited approximately 9 years to bring any action on the alleged trespass or condemnation.

9. As and for its Ninth Affirmative Defense, the Plaintiff suffered no cognizable economic damage as a result of the demolition of her unsafe structure, therefore, her claims are barred.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by E- Mail on this 4th day of November, 2015, upon counsel for Plaintiff, Ray Garcia, Esquire service@raygarcialaw.com , The law Office of Ray Gardcia, P.A., 14850 SW 22nd Street, Suite 204, Miami, Florida 33185.

WALDMAN TRIGOBOFF HILDEBRANDT
MARX & CALNAN, P.A.
Counsel for Defendant
500 E. Broward Boulevard, Suite 1700
Fort Lauderdale, Florida  33394
Telephone: (954) 467-8600
Facsimile: (954) 467-6222

By:   /s William E. Calnan
William E. Calnan
Florida Bar No. 938785
Wcalnan@waldmanlawfirm.com