UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:  15-CV-60686 – DPG

ROSE WISE,

    Plaintiff

vs.

CITY OF LAUDERHILL, a municipal
Corporation and political subdivision of
the State of Florida,

    Defendant.
_____/

## CITY OF LAUDERHILL'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant, CITY OF LAUDERHILL (the "City"), by and through its undersigned counsel, hereby files this Motion for Summary Judgment and Incorporated Statement of Undisputed Material Facts and in support thereof states as follows:

### I.   INTRODUCTION AND BACKGROUND

The Plaintiff's habitually befouled and dilapidated residence in the City of Lauderhill was a blight on the City for years resulting in over $450,000.00 in unpaid liens and fines for code violations.[1]  The residence was damaged by fire in 2004.[2]  Wise obtained a demolition permit from the City on December 10, 2004.  After Wise failed to demolish the structure and repair the damages from the second fire at the residence, the Broward County Unsafe Structures Board (the

---

[1] See *Deposition of Rose Wise attached as Exhibit "F", at pg. 15, lines 3-6*: Q.: So, right now there is or are liens against the property filed by the city for approximately $450,000.00.  A.: I think so, yes.

[2] Wise had a prior fire at the property in 1997. She did not complete the repairs to the property until some six years later, just before the second fire struck. *See Wise Deposition, pg. 95, line 21-96, line 1, attached as Exhibit "F."* The failure to make timely repairs led to the significant fines and liens in part.

"Board") finally declared the structure unsafe and ordered it demolished after due notice and hearings resulting in Demolition Orders issued on July 18, 2005 and September 2, 2005. Wise was given months to demolish the structure herself, but failed. The City demolished the structure in January 2006 pursuant to the Demolition Orders, six months after the issuance of the first Demolition Order. Wise now complains that because the City demolished the structure for her, pursuant to the Board's Demolition Orders, the City is liable to her for trespass and inverse condemnation. The Plaintiff's entire case is premised on alleged damages caused by the City's demolition of the unsafe structure depicted in the photographs attached as *composite Exhibit "B."* The legal hurdles to her claims are insurmountable as set forth in detail below. Even if Wise can muster some Olympian effort to overcome those hurdles, her damages are measured by the cost of restoring the demolished unsafe structure to…a fire damaged unsafe structure, or zero. Finally, Wise filed her original complaint for violation of her procedural due process rights on March 12, 2007. She did not file for trespass and inverse condemnation until March 23, 2015, over nine years after the structure was demolished and well past the statute of limitations period.

## II. PROCEDURAL BACKGROUND

The Board issued its Demolition Orders in July and September 2005. *See Demolition Orders attached as Exhibit "A."* Wise appealed the orders to the Broward County Circuit Court on October 3, 2005, within the 30 day appeal period required by law. However, Wise abandoned the appeal without even serving the complaint. *See docket sheet for Rose Wise v. Broward County Board of Commissioners Case No.: CACE05014677attached as Exhibit "C."*[3] Wise then filed her original complaint in this action in Broward County Circuit Court on March 12,

---

[3] The City attempted to obtain the entire appeal file, but the Broward County Clerk purged the file in accord with its document retention policy. Notably, the docket sheet indicates that the case was against the Broward County Board of Commissioners, filed 30 days after the last Demolition Order issued by the Board. Further, the "Case Type" is

2007, alleging a single count for violation of her state due process rights. *A copy of Wise's original complaint is attached as "Exhibit D."[4]* Wise filed her First Amended Complaint in this action <u>five years</u> later on March 23, 2015, and nine years after demolition, alleging, <u>for the first time</u>, that the City violated her federal substantive due process rights, trespassed on her property by conducting SWAT training in her unsafe structure and inversely condemned the unsafe structure when it demolished it pursuant to the Demolition Orders. *See First Amended Complaint attached hereto as Exhibit "E."*

The City removed the case to this Court and filed its motion to dismiss all counts of the Amended Complaint on April 13, 2015. In its motion, the City asserted that Wise's substantive due process claim premised on the City's refusal to renew her expired demolition permit failed as a matter of law and her trespass and inverse condemnation claims were barred by the statute of limitations. This Court granted the motion on the Plaintiff's substantive due process claim, but denied it with respect to the trespass and inverse condemnation claims because the statute of limitations bar was not clear on the face of the Amended Complaint. *DE # 17*.

The City will address the only issues left, namely, whether it can legally be held liable for trespass or inverse condemnation on the undisputed facts and show this Court that the law extant holds that it cannot. The City anticipates that in her response to this motion, Wise will complain as she has ad nauseam throughout this litigation that the City should have renewed her own demolition permit to demolish the structure instead of demolishing it pursuant to the Board's

---

designated as an "Administrative Appeal."

[4] The factual allegations in Wise's initial Complaint may be considered by the Court. *See, Gross v. White,* 340 Fed.App. 527, 534 (11th Cir. 2009) (court may in certain circumstances consider original complaint and documents attached thereto). While the City concedes that the First Amended Complaint supersedes Wise's original Complaint, the City cites to the original complaint solely for the purposes of establishing dates of certain material events which Wise either intentionally or inadvertently left out of her amended pleading.

Demolition Orders. However, that argument is no longer of consequence since the Court dismissed her substantive due process claim. To proceed with her inverse condemnation claim, Wise must admit that the action taken by the City was proper, but that, notwithstanding the propriety of the City's actions, it still resulted in a taking. See *Department of Agriculture & Consumer Services v. Polk,* 568 So.2d 35, 38 (Fla.1990) ("[T]he propriety of an agency's action may not be challenged in an inverse condemnation proceeding.") The issuance of the permit has no bearing on her trespass claim. Any harkening back to the propriety of renewing her permit is an unnecessary waste of the Court's and the parties' time and resources.

The record evidence, relevant to the only claims left, in support of this motion will show that there are no material issues of fact in dispute and the City is entitled to summary judgment as a matter of law because: the City's demolition of the unsafe structure was a valid exercise of police power, not a taking; Wise failed to exhaust her administrative remedies; even if a taking, Wise has not been damaged; the City's alleged trespass was not unauthorized; and, that Wise's claims are barred by the statute of limitations.

### III.   UNDISPUTED AND INCORPORATED MATERIAL FACTS

A.   The Broward County Unsafe Structures Board issued two Demolition Orders on July 15th and September 2nd 2005 finding that the Plaintiff's structure met the criteria for demolition. *See Demolition Orders attached as Exhibit "A"* and *photographs attached as composite Exhibit "B."*

B.   Wise appealed the Demolition Orders on October 3, 2005, but abandoned the appeal. *See docket sheet for Rose Wise v. Broward County Board of Commissioners Case No.: CACE05014677attached as Exhibit "C."*

   C. Wise filed her original complaint in this action in Broward County Circuit Court on March 12, 2007, alleging a single count for violation of her state procedural due process rights.  *Wise's original complaint is attached as Exhibit" D."*

   D. Wise filed her First Amended Complaint five years later on March 23, 2015 alleging, <u>for the first time</u>, that the City violated her federal substantive due process rights, that the City trespassed on her property by conducting SWAT training in her unsafe structure, and that the City's demolition of the structure was an inverse condemnation.  *See First Amended Complaint* (*Am Comp.*)  *attached as Exhibit "E."*

   E. Wise asserted in her original complaint that the structure was demolished on January 7, 2006. *See Exhibit D, paragraph 10.*  Wise admitted that the structure was demolished by the City pursuant to the Demolition Orders.  *Wise Deposition at pg. 115, lines 12-15, attached as Exhibit "F."*

   F. Wise testified that any alleged trespass occurred in January 2006 at *pg. 45, lines 24-pg. 46, line 2, of her deposition*:

> **Q:** Okay, so all of the trespasses that you're claiming in this lawsuit happened up through the date of the demolition at your home in January of 2006; right?
> **A:** Yes

And, *pg. 46, lines 8-10*:

> **Q:** Sure. You are not claiming any trespasses that occurred after January 2006, are you?
> **A:** No.

   G. Wise's claim for Inverse Condemnation is premised upon the demolition of her house on January 7, 2006. See original complaint attached as *Exhibit "D," paragraph 10 and Am*

*Comp. ¶¶42 and 43, attached as Exhibit "E."* She confirmed as much in her deposition *at pg. 58, lines 16-22.*

H. With respect to her alleged damages, Wise is claiming the "value of the property would have been had *[sic]* [she] been able to build it out." *See Plaintiff's amended answers to the City's interrogatories numbers six and seven attached as Exhibit "G."*

## IV. ARGUMENT

### A. The Demolition of the Unsafe Structure was a Valid Exercise of Police Power, not a Taking as a Matter of Law and Wise Suffered no Compensable Damage

Notably, as an important preliminary issue, the Plaintiff cannot contest the propriety of demolishing her residence pursuant to the Demolition Orders. In *Atlantic International Investment Corp. v. State,* 478 So.2d 805 (Fla.1985), the supreme court held that "the propriety of the agency action must be finally determined before a claim for inverse condemnation exists," and "once a party agrees to the propriety of the action and chooses the circuit court forum, it is estopped from any further denial that the action itself was proper." *Id.* at 807–08 (citing *Albrecht v. State,* 444 So.2d 8, 12–13 (Fla.1984)). The Florida Supreme Court affirmed this principle in *Department of Agriculture & Consumer Services v. Polk,* 568 So.2d 35, 38 (Fla.1990): "[T]he propriety of an agency's action may not be challenged in an inverse condemnation proceeding." See also *Kasser v. Dade County*, 344 So. 2d 928, 929 (Fla. 3rd DCA 1977) ("We cannot allow the appellant to assert that the denial of rezoning was reasonable while simultaneously alleging that it was confiscatory. If we were to accept such contradictory claims as grounds for the relief which appellant sought in the trial court, we would debilitate the zoning review procedure established by Dade County and long accepted by this Court"). The only issue for this Court's consideration is whether the demolition was a valid exercise of police power.

The demolition of Wise's unsafe structure was manifestly a valid exercise of police power. *See Graham v. Estuary Properties, Inc*. 399 So. 2d 1374 (Fla. 1981). "There is no settled formula for determining when the valid exercise of police power stops and an impermissible encroachment on private property rights begins. Whether a regulation is a valid exercise of the police power or a taking depends on the circumstances of each case." *Id* at 1380. However, the *Graham* Court set forth guidelines to assist in determining whether state action constituted a valid exercise of police power or a taking. Applied to the facts of this case, the guidelines lead to the inescapable conclusion that no taking occurred. The primary guidelines outlined in *Graham* are:

> If the regulation does not promote the health, safety, welfare, or morals of the public, it is not a valid exercise of the police power. Likewise, if the regulation is arbitrarily and capriciously applied it is an invalid exercise of the police power. If the regulation creates a public benefit it is more likely an exercise of eminent domain, whereas if a public harm is prevented it is more likely an exercise of the police power.

*Graham* at 1381 (citations omitted).

Applied *in seriatim* to the undisputed facts of this case, the guidelines impel a finding that the demolition was an exercise of the City's valid police power and not a taking. The purpose of the demolition was to promote the health, welfare and safety of the public by removing an unsafe structure and blight on the surrounding neighborhood. Similarly, the demolition prevented the public harm of allowing an unsafe structure to remain within the City's limits and avoid the attendant dangers. Wise cannot argue that the actions of the City were arbitrary or capricious inasmuch as the City was following two Demolition Orders issued by the Board after notice and hearing. No public benefit was obtained by the demolition inasmuch as

the property remains in possession of the Plaintiff.[5] As in Graham, the purpose of the City's action was to prevent a public harm, not gain a public benefit.

As aptly put in *Mailman Dev. Corp. v. City of Hollywood*, 286 So. 2d 614, 615 (Fla. 4th DCA 1973) (citing *State Plant Board v. Smith*, 110 So.2d 401 (Fla.1959)), "there is a clear distinction between the appropriation of private property for public use in the exercise of the power of eminent domain, and the regulation of the use of property under the police power exercised to promote the health, morals and safety of the community." That distinction is manifestly clear here where Wise's structure was deemed unsafe and demolished under valid Demolition Orders issued by the Board. Other courts which have addressed this issue have found the demolition of unsafe structures a valid exercise of police power as a matter of law. *See, e.g., Thomas v. City of West Palm Beach,* 299 So.2d 11 (Fla.1974) (holding that an ordinance which delegated to building official discretion to demolish a dwelling unfit or unsafe for human habitation was a valid and constitutional exercise of city's police power); *Dragomirecky v. Town of Ponce Inlet*, 882 So. 2d 495, 497 (Fla. 1st DCA. 2004) (finding that the law permits the alleged harm complained of by the Plaintiff, demolition of an unsafe structure, because it results from a valid exercise of police power).

In addition, Wise was not completely deprived of her property; therefore, the City's action did not give rise to a taking. *Florio v. City of Miami Beach,* 425 So. 2d 1161, 1162 (Fla. 3rd DCA 1983) (where landowner did not institute proceedings to upset finding that structure was unsafe and was not completely deprived of use of land, no taking occurred); *Osceola County v. Best Diversified, Inc.,* 936 So. 2d 55 (Fla. 5th DCA 2006) (landowner could not challenge, in inverse condemnation action, propriety of agency action and since landowner was not deprived of all or

---

[5] The demolition cost the City $9,300.00 which remains unpaid by the Plaintiff.

substantially all beneficial use of property, no taking occurred).  Wise testified that she still owns the property, *Wise Deposition at pg. 59, lines 21-25*.  There is nothing preventing her from building on the property now that the unsafe structure has been removed.  Since Wise still owns the property, she has not been completely deprived of any economic benefit and no action for condemnation lies.

Moreover, Wise has not been damaged in any event.  Her damage calculation set forth in her amended answers to the City's interrogatories numbers six and seven attached as *Exhibit "G,"* demonstrates the infirmity in her damage analysis.  Wise is not entitled to the "value of the property would have been [*sic*] had [she] been able to build it out" as she asserts.  In other words, Wise incorrectly presumes that the value of her residence after the unsafe structure had been removed and the house rebuilt is her measure of damages.  She is wrong. If her condemnation claim were legally permissible, which it is not, she would only be entitled to the value of the unsafe structure when it was demolished.   See *U.S. Steel Corp. v. Benefield*, 352 So. 2d 892, 894–95 (Fla. 2d DCA 1977), *cert. denied*, 364 So. 2d 881 (Fla. 1978) (an award of condemnation damages to property is generally limited to the restoration cost or the diminution in fair market value, whichever is less); *Courtney Enterprises, Inc. v. Publix Supermarkets, Inc*., 788 So. 2d 1045 (Fla. 2d DCA 2001).  See also, *Florida Dep't of Agric. & Consumer Servs. v. Lopez-Brignoni,* 114 So. 3d 1138, 1142 (Fla. 3rd DCA. 2012) ("If property on the land is injured or destroyed, the measure of damages is the value of the property injured or destroyed.") (quoting *Atl. Coast Line R.R. Co. v. Saffold,* 130 Fla. 598, 178 So. 288, 290 (1938)).  The value of the uninhabitable, declared unsafe structure, with $450,000 in liens demolished under the Board's Orders was zero.

### B. Wise's Failure to Exhaust her Administrative Remedies Bars her Claim.

Wise failed to follow through with her appeal of the Board's Demolition Orders. Principally and typically, an aggrieved party will request a stay of a demolition order in an administrative appeal while the Court determines the validity of the state acgtion. Wise failed to even serve her complaint, much less pursue a stay, waiving any claim for compensation for the demolition. *Key Haven Associated Enterprises, Inc. v. Bd. of Trustees of Internal Imp. Trust Fund*, 427 So. 2d 153, 156 (Fla. 1982). *Section 202.12 of the South Florida Building Code, as Amended by Broward County at section 116.12,* provide that "[a]ny person aggrieved by a decision of the Unsafe Structures Board may seek judicial review of that decision in accordance with the Florida Appellate Rules*." Florida Rules of Appellate Procedure 9.030(c) and 9.100(c) (1977 Revision)* provide that the jurisdiction of the circuit court may be invoked to review administrative action when provided by law through petition for common law certiorari filed within thirty days of rendition of the order to be reviewed. Decisions of local governments on building permits, site plans, and other development orders are quasi-judicial, rather than legislative, and, therefore, are subject to certiorari review by the courts. *Park of Commerce Associates v. City of Delray Beach*, 636 So.2d 12 (Fla. 1994). Wise did file an appeal of the Demolition Orders but abandoned that appeal and allowed the structure to be demolished. Thus, she waived any claim for compensation here.

### C. The City was Authorized to Trespass on Plaintiff's Property and She Suffered no Compensable Damages

Trespass to real property has been defined as "an unauthorized entry onto another's property." *Coddington v. Staab*, 716 So. 2d 850, 851 (Fla. 4th DCA 1998) (quoting *Pearson v. Ford Motor Co.,* 694 So.2d 61, 69 (Fla. 1st DCA 1997). First, the City was authorized to come on Wise's

property and demolish the structure pursuant to the Demolition Orders issued by the Board. Second, the Plaintiff cannot contest the validity of the City's actions, including that the actions were authorized by valid Demolition Orders, because she must admit the propriety of the City's actions as argued above. *Department of Agriculture & Consumer Services v. Polk,* 568 So.2d 35, 38 (Fla.1990).

Nevertheless, the Plaintiff cannot prove any compensable damages under her trespass theory. Generally, "[t]he usual measure of damages for trespass to real property is the difference in value of the property before and after the trespass." *Horn v. Corkland Corp.,* 518 So.2d 418, 420 (Fla. 2d DCA 1988) (citing *Clark v. J.W. Conner & Sons, Inc.,* 441 So.2d 674 (Fla. 2d DCA 1983). The value of the property likely <u>increased</u> after the unsafe fire damaged structure was removed. More important, the value of the structure was zero at the time of any alleged trespass, therefore, the Plaintiff cannot prove that the demolition diminished its value. Likewise, Wise has produced no evidence that the alleged SWAT training diminished the value of the structure.

### D.  **Plaintiff's Claims for Trespass and Inverse Condemnation Are Barred by the Statute of Limitations.**

Wise's claims for trespass and inverse condemnation are barred by the four (4) year Statute of Limitations. Trespass and inverse condemnation are subject to four (4) year statute of limitations as set forth, respectively, in *§95.11 (3) (g) and (p) Fla. Stat*. *See also, New Testament Baptist Church Inc. of Miami v. Dept. of Transportation,* 993 S.2d 112(Fla.4th DCA 2008)(four year statute of limitations applies to inverse condemnation action); *Heckman v. City of Oakland Park*, 644 So.2d 525(Fla.4thDCA 1994).

Wise asserts that the City first trespassed on her property by allowing its SWAT team to use the Plaintiff's unsafe structure as a training ground. This trespass allegedly occurred while

the house was declared an "unsafe structure" prior to demolition. *Am Comp*. ¶¶*19 and 35*. The second alleged "trespass" occurred according to Wise when the structure was demolished. *Am Comp*. ¶35. Wise asserted in her original complaint that the structure was demolished on January 7, 2006. *See Exhibit "D," paragraph 10*. She also confirmed in her deposition that any alleged condemnation or trespass occurred on or before January 2006. *See section III, F and G of this motion*. Wise failed to file her trespass claim on or before January 2010, therefore, her claim is barred.

Wise's claim for inverse condemnation is premised upon the demolition of her house on January 7, 2006. *Am Comp.* ¶42 and 43. She confirmed as much in her deposition. *Wise Deposition at pg. 58, lines 16-22*. As with Wise's trespass claim, the statute of limitations on her inverse condemnation claim would have run by January 7, 2010. Therefore, Counts II and III are barred by the statute of limitations.

WHEREFORE, Defendant City of Lauderhill, respectfully requests that this Honorable Court grant the City's Motion for Summary Judgment and grant the City such further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by E-Service this 19th day of May, 2016 upon: Ray Garcia, Esq., counsel for Plaintiff, The Law Office of Ray Garcia, P.A., 14850 SW 26th Street, Suite 204, Miami, FL 33185 service@raygarcialaw.com; rgarcia@raygarcialaw.com.

CASE NO.: 15-CV-60686-DPG

**WALDMAN TRIGOBOFF HILDEBRANDT MARX & CALNAN, P.A.**
*Attorneys for City of Lauderhill*
Broward Financial Center
500 East Broward Blvd., Suite 1700
Fort Lauderdale, FL 33394
Telephone: (954) 467-8600; Fax: (954) 467-6222

By:   */s/ William E. Calnan*
        William E. Calnan, Esq.,
        Florida Bar No.  938785