UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

ROSE WISE
       Plaintiff,                          CASE NO: 15-CV-60686-DPG

vs.

CITY OF LAUDERHILL
       Defendants.
_____/

## NOTICE OF FILING AFFIDAVIT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff, **ROSE WISE**, (collectively referred to hereafter as "Plaintiff"), hereby gives notice of filing the following document(s) with the court:

1. Affidavit in Opposition to Motion for Summary Judgment

                                              Respectfully submitted,

                                              **The Law Office of Ray Garcia, P.A.**
                                              14850 SW 22nd Street, Suite 204
                                              Miami, Florida 33185
                                              Telephone: (305) 227-4030
                                              Facsimile: (305) 223-9811

                                              By: /s/ Ray Garcia
                                              Ray Garcia, Esq.
                                              Florida Bar No. 115850
                                              rgarcia@raygarcialaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on JUNE 13, 2016, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing System:

By: /s/*Ray Garcia*
Ray Garcia, Esq.

## SERVICE LIST
(Case No.: 15-CV-60686-DPG)

**Douglas Todd Marx, Esq.**
Dmarx@waldmanlawfirm.com
Waldman Trigoboff Hildebrandt Marx
& Calnan, P.A.
500 East Broward Blvd.
Suite 1700
Fort Lauderdale, Florida 33394
Counsel for Defendant

**William Edward Calnan, Esq.**
wcalnan@waldmanlawfirm.com
Waldman Trigoboff Hildebrandt Marx
& Calnan, P.A.
500 East Broward Blvd.
Suite 1700
Fort Lauderdale, Florida 33394
Counsel for Defendant

**Ray Garcia, Esq.**
service@raygarcialaw.com
rgarcia@raygarcialaw.com
The Law Office of Ray Garcia, P.A.
14850 SW 26 Street
Suite 204
Miami, Florida 33185

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

ROSE WISE
        Plaintiff,                    CASE NO: 15-CV-60686-DPG

vs.

CITY OF LAUDERHILL
        Defendants.
_____/

## AFFIDAVIT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA      )
                                ) SS.
COUNTY OF BROWARD  )

    BEFORE ME, the undersigned authority, personally appeared **ROSE WISE** who after being duly sworn, deposes and says:

1. I am over the age of 18 years and of sound and competent mind to execute this affidavit.

2. I am personally familiar and have first-hand knowledge of all the matters hereinafter stated.

3. I have carefully reviewed the City of Lauderhill's Motion for Summary Judgment and facts in this matter.

4. I have examined all records and documents I have kept concerning the matter herein.

5. Based upon said examination, I state as follows: I am the owner of certain real property, located in the City of Lauderhill, Broward County, Florida with the following legal description:

> Lot 23, Block 219, CITY OF LAUDERHILL SECTION ONE, according to the Plat thereof, recorded in Plat Book 81, Page 4, of the Public Records of Broward County, Florida

6. On or about 2004, there was a fire in my house that damaged the property described above. I made, and collected on, an insurance claim which paid to me an amount sufficient to effectuate repairs to the Property.

7. On or about November, 2004, I attempted to pull a permit from the City of Lauderhill in order to effectuate the necessary repairs. However, the City of Lauderhill denied my request for a permit until I engaged a contractor. ( See Exhibit "1")

8. I complied with the City of Lauderhill's requirement, engaged a contractor by the name of Crognale & Associates Construction, Inc., and obtained a permit. Pursuant to the permit, I had to begin work within ninety (90) days. On or about January, 2005, I began effectuating the necessary repairs to my house by tearing down and removing the damaged portions to the Property. The permit was not for a complete demolition of the property but for a partial demolition of the proeprty for the Roof only which is what was substantially damaged. However several other areas of the property were intact. ( See Exhibit "2")

2

9. Between February, 2005, and May, 2005, several inspections were conducted by the City of Lauderhill. Each inspection resulted in me having to remove additional portions to the Property described above. However, the May, 2005, inspection was cancelled as the City of Lauderhill had declared the Property as an "unsafe structure", and referred this matter to the Broward County Unsafe Structure Board. Attached here to as exhibit "3" is a copy of the transcript of the August 15, 2005 hearing whereby it is clear as to the confusing whereby the City of Lauderhill is discussing a complete demolition of the property, instead of a partial demolition for the damaged area. This is the first time that I am notified of this assertion, however on page 8, I explain to the City that It is only a Partial demolition and there response "Okay, Okay".

10. On or about July 5, 2005, the Broward County Unsafe Structure Board issued a Notice of Violation for Unsafe Structures indicating that the Property met the 50% criteria for demolition. However, the letter also provided me ten (10) days within which to obtain a new permit to continue my repairs to the Property.

11. On or about July 18, 2005, the matter went before the Broward County Unsafe Structure Board for a hearing. The Broward County Unsafe Structure Board issued an Order which provided me until August 18, 2005, within which to renew my demolition permit as the old one had expired. Additionally, the Broward County Unsafe Structure Board granted me until September 15, 2005, to submit plans for reconstruction. On or about August 15, 2005, I applied to renew my permit with City of Lauderhill. However, City of Lauderhill denied the permit

3

stating that my most recent permit had expired for over five (5) months. The City of Lauderhill cited a false reason for denying the permit, as the City of Lauderhill's own records demonstrated that I complied with all requirements necessary to keep my permit active.

12. I requested that the City of Lauderhill reconsider its denial based upon the facts that I had complied with all requirements necessary to keep my permit active. However, the City of Lauderhill summarily denied my request, without good cause, or reason. As a result of the City of Lauderhill's wrongful denial of my request for a permit, the Broward County Unsafe Structure Board proceeded with demolishing my house.

13. During the time that my house was declared an "unsafe structure", the City of Lauderhill's Police Department utilized the Property described above for a training ground for its SWAT team. I had not consented to the City of Lauderhill's use of the property for that purpose, nor was I compensated for the trespass by the City of Lauderhill.

14. Additionally, during the time that my house was declared an "unsafe structure", the City of Lauderhill had plans to construct a street wall on 44th Street. This wall would have encroached on my property. City of Lauderhill's denial of my application for permits was made with ulterior motives, to wit: utilizing the my property as a SWAT training ground, and circumventing having to go through an eminent domain action to compensate me for use of her property for the 44th

4

Street Wall project. City of Lauderhill's actions were intentional, wanton and willful, and made with total disregard of my rights to receive just compensation in violation of the Florida and United States Constitution.

15. The City of Lauderhill entered upon the property described above in 2004 on several occasion taking much of my materials that I had for construction and rebuilding of my home. They took shingles, tiles, pavers furniture and cinder blocks. They also entered upon my property numerous times after 2004.

16. One time, they came into my property without any authority or right and filled my Koi ponds with sand killing all of my koi fish. Another time, the City of Lauderhill removed my monkey bars from my property. On several occasions, at least three (3) or four (4) times, the City of Lauderhill's police department used my home for police training. Additionally, while, they were building the wall along the backside of my property, the City of Lauderhill would use my property to park their trucks there, use the property to keep their materials, have lunch and they inversely condemn my property for their own use.

17. As far as specific dates of when the inverse condemnation took place, it is my position that by the virtue of the city refusing to grant me the necessary permits to complete the building of the home and in essence the City of Lauderhill has taken the home from me. There was also a motive to do that because on several occasion at least three (3) or four (4) times, the City of Lauderhill Police Department used my home for police training.

18. A neighbor of mine, Laura Thompson contacted me and advised me that the City of Lauderhill Police Department was using my property for training exercises.

> The City of Lauderhill Police Department told Laura Thompson that the City of Lauderhill owned this property.

19. I showed up to the property and spoke with the officer in charge. I proceeded to call the police who referred me to the City of Lauderhill. The person on the phone from the City of Lauderhill asked to speak to the office in charge. They spoke and immediately, the police offer and other officers vacated the property

FURTHER AFFIANT SAYETH NOT.

*Rose Mary Wise*
**ROSE WISE**

SWORN TO AND SUBSCRIBED that the foregoing instrument was acknowledged before me this 13th day of June, 2016, by **ROSE WISE**, who is personally known to me or produced MD # W-200-744-587-320 as identification.

[Notary Seal: BRITTNEY ADAMS, Notary Public - State of Florida, Commission # FF 964858, My Comm. Expires Mar 27, 2020, Bonded through National Notary Assn.]

_Brittney Adams_
Notary Public, State at Large
My Commission Expires:

7