UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

**ROSE WISE**
           **Plaintiff,**                     **CASE NO: 15-CV-60686-DPG**

**vs.**

**CITY OF LAUDERHILL**
           **Defendants.**
_____/

### MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT INCORPORATED MOTION TO REMAND BACK TO STATE COURT

COMES NOW, **ROSE WISE** (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, hereby files this Memorandum in Opposition to **CITY OF LAUDERHILL'S** (hereinafter referred to as "Defendant") Motion for Summary Judgment and states:

### I. STATEMENT OF THE FACTS

Plaintiff is the owner of real property, located in the City of Lauderhill, Broward County, Florida with the following legal description:

> Lot 23, Block 219, CITY OF LAUDERHILL SECTION ONE, according to the Plat thereof, recorded in Plat Book 81, Page 4, of the Public Records of Broward County, Florida

On or about 2004, Plaintiff had a fire in her house, the Property described above. Plaintiff made, and collected on, an insurance claim which paid to her an amount sufficient to effectuate repairs to the Property. On or about November 2004, the Plaintiff attempted to pull a permit from the Defendant in order to effectuate the necessary repairs to the Property described above. However, Defendant denied her request for a permit

1

until she engaged a contractor. (See Exhibit "1") Plaintiff complied with the Defendant's requirement, engaged a contractor, and obtained a permit. (See Exhibit "2") Pursuant to the permit, she had to begin work within ninety (90) days from the day of the permit. On or about January, 2005 and within the ninety (90) days from the day of the permit, Plaintiff began effectuating the necessary repairs to her house by tearing down the removing the damaged portions to the Property.

Between February, 2005, and May, 2005, several inspections were conducted by the Defendant. Each inspection resulted in Plaintiff having to remove additional portions to the Property. However, the May, 2005, inspection was cancelled as the Defendant had declared the Property as an "unsafe structure", and referred this matter to the Broward County Unsafe Structure Board. On or about July 5, 2005, the Broward County Unsafe Structure Board issued a Notice of Violation for Unsafe Structures indicating that the Property met the 50% criteria for demolition. However, the letter also provided Plaintiff with ten (10) days within which to obtain a new permit to continue her repairs to the Property described above.

On or about July 18, 2005, the matter went before the Broward County Unsafe Structure Board for a hearing. The Broward County Unsafe Structure Board issued an Order which provided Plaintiff until August 18, 2005, within which to renew her demolition permit as the old one had expired. Additionally, the Board granted the Plaintiff until September 15, 2005, days to submit plans for reconstruction. On or about August 15, 2005, Plaintiff applied to renew her permit with Defendant. However, Defendant denied the permit stating that Plaintiff's most recent permit had expired for over five (5) months. Defendant cited a false reason for denying the permit, as the Defendant's own records demonstrated that Plaintiff complied with all requirements

2

necessary to keep her permit active. Plaintiff requested that Defendant reconsider its denial based upon the facts that she had complied with all requirements necessary to keep her permit active. However, Defendant summarily denied her request, without good cause, or reason. As a result of the Defendant's wrongful denial of Plaintiff's request for a permit, the Broward County Unsafe Structure Board proceeded with demolishing Plaintiff's house.

During the time that Plaintiff's house was declared an "unsafe structure", the Defendant's Police Department utilized the Property for a training ground for its SWAT team. Plaintiff had not consented to the Defendant's use of the property for that purpose, nor was she compensated for the trespass by the Defendant. Additionally, during the time that Plaintiff's house was declared an "unsafe structure", the Defendant had plans to construct a street wall on 44th Street. This wall would have encroached on the Plaintiff's property. Defendant's denial of Plaintiff's application for permits was made with ulterior motives, to wit: utilizing the Plaintiff's property as a SWAT training ground, and circumventing having to go through an eminent domain action to compensate the Plaintiff for use of her property for the 44th Street Wall project. Defendant's actions were intentional, wanton and willful, and made with total disregard of the Plaintiff's rights to receive just compensation.

## II. LEGAL STANDARD ON A MOTION FOR SUMMARY JUDGMENT

The standard to be applied in reviewing a summary judgment motion is stated unambiguously in Rule 56(c) of the Federal Rules of Civil Procedure:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

It may be entered only where there is *no* genuine issue of material fact. Moreover, the moving party has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970).

In applying this standard, the Eleventh Circuit has explained:

In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608; *Environmental Defense Fund v. Marsh*, 651 F.2d 983 at 991 (5th Cir.1981). All reasonable doubts about the facts should be resolved in favor of the non-movant. *Casey Enterprises v. Am. Hardware Mutual Ins. Co.*, 655 F.2d 598, 602 (5th Cir.1981). If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Marsh*, 651 F.2d at 991; *Lighting Fixture & Elec. Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir.1969). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co.*, 420 F.2d at 1213. If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment. *Impossible Electronic Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026 at 1031 (5th Cir.1982); *Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir.1970).

Moreover, the party opposing a motion for summary judgment need not respond to it with any affidavits or other evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. at 160, 90 S.Ct. at 1609-10; *Marsh,* 651 F.2d at 991. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg,* 370 F.2d 605, 611-12 (5th Cir.1967). *See Dalke v. Upjohn Co.,* 555 F.2d 245, 248-49 (9th Cir.1977).

*Clemons v. Dougherty County, Ga.,* 684 F.2d 1365, 1368-69 (11th Cir.1982); *see also Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1502 (11th Cir.1985), *cert. denied,* 475 U.S. 1107, 106 S. Ct. 1513, 89 L. Ed. 2d 912 (1986).

The United States Supreme Court has provided significant additional guidance as to the evidentiary standard which trial courts should apply in ruling on a motion for summary judgment. The summary judgment standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Brady v. Southern R. Co.,* 320 U.S. 476, 479-80, 64 S. Ct. 232, 234, 88 L. Ed. 239 (1943).

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). The Court in *Anderson* further stated that "[t]he mere existence of a scintilla of evidence in support of the position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* at 252, 106 S.Ct. at

2512. In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. *Id.* at 254, 106 S.Ct. at 2513.

It is well established law in Florida that summary judgment is improper where there are any issues of material fact in existence in a case.   See, *e.g., Escobar v. Bill Curry Ford*, 247 So.2d 311 (Fla. 1971); *American Banker's v. Nolan's Garage, Inc.*, 262 So.2d 727 (Fla. 3rd DCA 1972); *Reed v. City of Winter Park*, 253 So.2d 475 (Fla. 4th DCA 1971); *Edwards v. California Chemical Co.*, 245 So.2d 259 (Fla. 4th DCA 1971).  A party seeking summary judgment has a burden of proving and establishing the lack of any material issues of fact. *Rosen v. Parkway General Hospital, Inc.*, 265 So.2d 93 (Fla. 3rd DCA 1972); *Williams v. Florida Realty & Management Co.*, 272 So.2d 176 (Fla. 3rd DCA 1973).

It is also axiomatic that on a motion for summary judgment, the Court must resolve *all doubts* regarding existence of issues against the movant and all favorable issues reasonably justified from the record are to be liberally construed in favor of the party opposing the motion. *Davis v. 7-11 Food Stores, Inc.*, 294 So.2d 111 (Fla. 1st DCA 1974). A summary judgment cannot be granted where there remains *any* genuine issue of material fact left unresolved. *Century 21, Inc. v. Novak*, 339 So.2d 677 (Fla. 3rd DCA 1976).

If there is even the slightest doubt as to the existence or nonexistence of a genuine issue of material fact, that doubt must be resolved against the movant. *Booth v. Mary Carter Paint Co.,* 182 So.2d 292, 297 (Fla. 2d DCA 1966).A court may not resolve

6

questions of fact, resolve conflicts in testimony or evidence, or enter judgment on disputed inferences drawn from the evidence. *Burroughs Corp. v. American Druggist's Insurance Co.*, 450 So.2d 540 (Fla. 2nd DCA 1984).

It is especially important to note the well-settled principle that on a motion for summary judgment, the trial court may not try or weigh facts. *Jones v. Stoutenburgh*, 91 So.2d 299, 302 (Fla.1956); *Booth, supra*. Furthermore, where conflicting inferences may reasonably be adduced from the evidence, even where the evidence itself is not in conflict, the motion for summary judgment should be denied. *Booth*, 182 So.2d at 297.

10.    The party moving for summary judgment has the burden of establishing the irrefutability that the non-moving party cannot prevail.  It is only *after* the moving party has met this heavy burden that the non-moving party is called upon to show the existence of a genuine issue of material fact. *Hervey v. Elfonso*, 650 So.2d 644 (Fla. 2nd DCA 1995).  Thus, if the record reflects the existence of any genuine issue of material fact or the *possibility* of any issue, or if the record raises even the *slightest doubt* that an issue might exist, that doubt *must be* resolved against the moving party and summary judgment must be denied.  *Id.* To determine whether a genuine issue of material fact exists, the court must view every possible inference in favor of the non-moving party. *Id. citing Maynard v. Household Finance Corp. III*, 861 So.2d 1204 (Fla. 2d DCA 2003). The moving party bears the burden of proving the non-existence of genuine issues of material fact, and the burden of proving that such issues exist is not shifted to the non-moving party until the movant has successfully met his burden. *See Nard, Inc. v. DeVito Contracting & Supply, Inc.*, 769 So.2d 1138 (Fla. 2d DCA 2000).

### III. LEGAL ISSUES AND PARTIES CONTENTIONS

7

a.    **Request to Remand**

Plaintiff seeks remand of her state law claims for inverse condemnation and trespass, arguing that state law issues predominate in this action and that all claims over which the Court had original jurisdiction have been dismissed.

Section 1447(c) requires that a motion to remand the case *back* to state court *must* be made within thirty (30) days after the notice of removal is filed with the federal court. The thirty (30) day limitation only applies to motions that seek remand based on a "removal defect" and not to remand motions based on lack of subject matter jurisdiction or other ground which would not constitute a removal defect. Thus, if the defendant removes a case after the thirty (30) day window for removal expires, this defect is waived if it is not raised by the plaintiff in a timely motion to remand. Likewise, if some of the defendants in the removed case are citizens of the forum state, the plaintiff waives this defect if not raised by a timely motion to remand.

The right to seek a remand due to a removal defect may also be waived by the plaintiff's affirmative post-removal litigation in federal court *prior* to the expiration of the thirty (30) day limitation imposed by §1447(c). Thus, waiver of the right to seek a remand may be found where the plaintiff has undertaken "affirmative action in federal court" after removal. Furthermore, the court in *Johnson v. Odeco Oil and Gas Co.,* 864 F.2d 40 (5th Cir. 1989), held that "the dispositive issue is not whether plaintiff has filed any document at all in federal court, but instead, it is 'the extent of a plaintiff's conduct in the federal proceedings that is determinative.'"

Ordinarily, when the federal claims are eliminated before trial, the district court should decline to exercise jurisdiction over the remaining state law claims. *Carnegie*

*Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Nevertheless, the decision ultimately rests within the district court's discretion, to be guided by considerations of judicial economy, fairness, comity, and convenience. *Id.*; *see also Casey v. City of Miami Beach*, 805 F.Supp.2d 1361, 1362(S.D. Fla.2011)( declining to remand where factors favored retention of jurisdiction though federal claims were dismissed)

This case has progressed little since its commencement almost one year prior. Comity ordinarily favors the resolution of state law claims before state tribunals state law claims for Trespass and Inverse Condemnation from the alleged wrongdoing of the Defendant, the City of Lauderhill are novel issues of State law. Therefore, the Court is unlikely to usurp the role of Florida's courts in crafting the state's jurisprudence by retaining the claims. This request is consistent with the findings in *Hardy v.Birmingham Bd. of Educ.*, 954 F.2d 1546, 1553 (11th Cir. 1992) (holding that comity favors remand where pendent claims implicate novel issues of state law). Considerations of comity therefore do not weigh heavily against the retention.

The Docket speaks for itself in this matter and the Court in *Barcena v. State of Illinois, Dept. of Insurance*, 1992 WL 186068 (N.D. Ill. 1992) held that the plaintiff did not waive the right to seek a remand because its action was not "affirmative," in that it did not seek the intervention of the federal court. Furthermore, in *Barcena v. State of Illinois, Dept. of Insurance*, 1992 WL 186068 (N.D. Ill. 1992), the court refused to find a waiver where the plaintiff filed a motion for sanctions along with its motion to remand.

### b.      Motion for Summary Judgment is improper as to the Inverse Condemnation claim

According to the Defendant, the Plaintiff in order to proceed with her inverse condemnation claim, must admit that the action taken by the Defendant was proper, but that, notwithstanding the propriety of the Defendant's actions, still resulted in a taking. That is incorrect. The Defendant acted improperly in that it failed to renew the Plaintiff's permit according to the Plaintiff she applied for a Building permit and was provided said permit on November 3, 2004 ( See Exhibit "2"). This permit was for the demolition of the roof, it was not as demolition of the property as a whole as there was no need to demolish the whole property. On September 2, 2005 through counsel the Plaintiff advised the Defendant of the need to maintain the permit active as she had complied with all the requirements to keep the permit active.

The Defendant relies on *Department of Agriculture & Consumer Services v. Polk*, 568 So.2d 35, 38 (Fla.1990) for the proposition that an agency's action may not be challenged in an inverse condemnation proceeding.  However, the Defendant fails to mention that in that same case the Florida Supreme Court rejected the Department's argument that the trial judge determined that the destruction in the case was an invalid exercise of the state's police power, with the result that Polk's remedy is an action in tort rather than inverse condemnation. The Florida Supreme Court has recognized on numerous occasions that "it is a settled proposition that a regulation or statute may meet the standards necessary for exercise of the police power but still result in a taking." *Mid-Florida Growers*, 521 So.2d at 103; Albrecht, 444 So.2d at 12; *Graham v. Estuary Properties, Inc.*, 399 So.2d 1374, 1381 (Fla.), cert. denied, 454 U.S. 1083, 102 S.Ct. 640,

70 L.Ed.2d 618 (1981). In *Department of Agriculture & Consumer Services v. Polk*, the evidence and argument presented were properly limited to whether the actions of the Department constituted a taking requiring full and just compensation. The issue of the validity of the action under the police powers was not raised.

The Plaintiff in this matter was deprived of the use of her property because the costs associated with demolishing the structure and reconstruction of the structure as a whole was substantially more expensive that simply repairing the fire damaged sections of the structure. Additionally, the Plaintiff's insurance company did not provide the Plaintiff with sufficient funds to build a new structure from the ground up, but simply repair the damaged portions of the structure.

The Defendant's analysis that the property was worth zero is flawed. The lien on the property in the amount of $450,000.00 mainly results from a failure to allow the Plaintiff to renew and extend her permits. If the Plaintiff is allowed to repair the structure, the issues of the lien could be resolved. Furthermore, the damaged structure on the property is worth substantially more than having no structure at all on the property.

**c.      Motion for Summary Judgment is improper as to Trespass.**

Defendant's argument as to trespass does not make any sense and ignores the use of the Plaintiff's home as basically a training center for the SWAT team. At no time was the Defendant authorized to enter the Plaintiff's property for any reason. The Defendant argues they were authorized to enter into the Plaintiff's property and demolish the structure pursuant to the Demolition Orders issued by the Board. The Defendant also argues that the Plaintiff cannot contest the validity of the City's actions, including that the actions were authorized by valid Demolition Orders, however, these are the same Orders

11

that the Plaintiff's has objected to. If it is determined that the orders are improper then the trespass is improper. Whether there is a trespass is a material question of fact and a summary judgment cannot be granted where there remains *any* genuine issue of material fact left unresolved. *Century 21, Inc. v. Novak*, 339 So.2d 677 (Fla. 3rd DCA 1976).

**d.     Motion for Summary Judgment is improper as to Statute of limitations as a Result of the Relation back Doctrine.**

Defendant's allegation as to the claim of trespass being subject to the statute of limitation also is subject to the relation back doctrine. Paragraph 10 of the original Complaint (Exhibit "3") states that "the property was demolished on or about January 7, 2006", in order to demolish the property the Defendant must enter the property, the question of fact is whether that entry is justified or the entry rises to the level of a trespass. The Plaintiff contends that it was an illegal entry and rises to the level of a trespass. Paragraph 11 of the original complaint (Exhibit "3") states that "as a direct result of these wrongful acts by the Defendant, City of Lauderhill, Plaintiff's home was wrongfully demolished". This puts the Defendant on notice of the wrongful entry on the property which is the essence of a trespass.

Defendant's allegation as to the Inverse Condemnation being subject to the statute of limitation is also subject the relation back doctrine. The basis of the Plaintiff initial Complaint is that the Plaintiff for ulterior motives demolished her property and caused her damages. This is the essence of a claim for Inverse Condemnation whereby the Defendant, takes over and enters the Plaintiff's property for their own benefit and fails to compensate the Plaintiff. The substance of the Plaintiff's claims has not changed simply

in the Plaintiff First Amended Complaint, the causes of action have been detailed and cleaned up to more clearly define the action and better assist the Defendant in responding to the matter.

Under Florida law, an amended complaint relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading <u>arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.</u>" Fla. R. Civ. Pro. 1.190(c). "The test of whether an amendment offered by a party sets forth a 'new cause of action' is <u>not whether the cause of action stated in the amended pleading is identical to that stated in the original</u>. Rather, the test is whether the pleading as amended is based upon the same specific conduct, transaction or occurrence between the parties upon which the plaintiff tried to enforce his original claim."<u>*Turner v. Trade-Mor, Inc.*, 252 So.2d 383, (Fla. 4th D.C.A.1971)</u>. Florida courts have interpreted this language more liberally than the correlative federal rule. <u>*Okeelanta Corp. v. Bygrave*</u>, 660 So.2d 743, 751 (Fla. 4th D.C.A.1995).

The Defendant's  position does nothing more than raise issues of fact which are "best left to the finder of fact", and may be asserted as affirmative defenses in an answer. Defendant's Motion for Summary Judgment as to the Statute of Limitations must thus be denied.

**e.     Motion for Summary Judgment is improper when there is no Affidavit in Support of the Motion for Summary Judgment.**

The Rule provides that: "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."Rule 1.510 (e), Fla. R. Civ. P.

In Zoda v. Hedden, 596 So. 2d 1225 (Fla. 2d DCA 1992), the Second District reversed an entry of summary judgment where the only record evidence was an affidavit, relying on records which were neither attached nor authenticated.

Similarly, since there is no affidavit filed in support of the Motion for Summary Judgment the facts at issue comes only from unauthenticated records and the Plaintiff's statement herself. Since there is no affidavit in support of the Motion for Summary Judgment, the record fails to have the "sworn or certified" copies of the records and testimony as expressly required by the rule and the Motion for Summary Judgment can not support entry of judgment, thus the judgment should be denied.

Likewise, in Crosby v. Paxson Elec. Co., 534 So.2d 787 (Fla. 1st DCA 1988), the district court reversed an entry of summary judgment, supported by an affidavit which rested solely on records that were not attached to the affidavit. In this case, the motion for summary judgment, therefore, should be set aside because without the evidence necessary to support anaffidavit, the Defendant has failed to meet its burden to prove the absence of material fact.

When considering business records in support of summary judgment evidence, the trial court must first determine whether those records are admissible under Florida's evidence code provision governing the admissibility of such records, § 90.803(6), Fla. Stat. (2009)   In Thompson v. Citizens Nat'l Bank of Leesburg, 433 So.2d 32, 33 (Fla. 5th DCA 1983), the court reversed a summary judgment entered on the support of an affiant

who relied on business records, but could not lay the foundation for admissibility of those business records. Specifically, the affidavit in the Thompson case:

The Defendant fails to lay the foundation for the admission of the business records under § 90.803(6). The records were not authenticated as correct; there is no affidavit that can attest to supervision or control of the records; there is no affidavit that can attest to evidence of an affiant who was in charge of the business activity or was sufficiently familiar with it; there is no affidavit that can attest to evidence of an affiant who was acting in the scope of Defendant's business; and there is no affidavit that can attest to evidence of records in this particular instance were kept as part of Defendant's regular course of business; there is no affidavit that can attest to evidence of an affiant who opened the mail and entered the transactions into the computer; there was no evidence that the computer system properly applied information correctly.  The business records are therefore inadmissible as hearsay.  *Humphrys v. Jarrell,* 104 So. 2d 404, 409 (Fla. 2d DCA 1958)("Allegations in an affidavit that set forth incompetent and inadmissible matter, such as hearsay or opinion).

The Defendant's Motion for Summary Judgment contains no more than conclusions of law, inadmissible statements of ultimate fact, hearsay from inadmissible business records, and recitations of boilerplate language without any specific factual basis for the Court to determine their credibility. Such conclusory statements are legally insufficient to support a Motion for Summary Judgment. *Dean v. Gold Coast Theatres, Inc.*, 156 So. 2d 546 (Fla. 2d DCA 1963)("Statements of ultimate facts in an affidavit in support of a motion for summary decree are of no weight.") Accordingly, these

statements, made without any factual basis or support, should be given no weight and the Motion denied to the extent it relies upon the Affidavit.

**WHEREFORE,** for the above stated reasons, the Plaintiff respectfully requests that this Honorable Court deny the Defendant's Motion for Summary Judgment and award the Plaintiff any other award it deems appropriate in this matter.

Respectfully submitted,

**The Law Office of Ray Garcia, P.A.**
14850 SW 22nd Street, Suite 204
Miami, Florida 33185
Telephone: (305) 227-4030
Facsimile: (305) 223-9811

By: /s/ Ray Garcia
Ray Garcia, Esq.
Florida Bar No. 115850
rgarcia@raygarcialaw.com

16

## CERTIFICATE OF SERVICE

I hereby certify that on JUNE 13, 2016, I electronically filed the foregoing documents with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing System:

By: _/s/Ray Garcia_
Ray Garcia, Esq.

### SERVICE LIST
### (Case No.: 15-CV-60686-DPG)

**Douglas Todd Marx, Esq.**
Dmarx@waldmanlawfirm.com
Waldman Trigoboff Hildebrandt Marx
& Calnan, P.A.
500 East Broward Blvd.
Suite 1700
Fort Lauderdale, Florida 33394
Counsel for Defendant

**William Edward Calnan, Esq.**
wcalnan@waldmanlawfirm.com
Waldman Trigoboff Hildebrandt Marx
& Calnan, P.A.
500 East Broward Blvd.
Suite 1700
Fort Lauderdale, Florida 33394
Counsel for Defendant

**Ray Garcia, Esq.**
service@raygarcialaw.com
rgarcia@raygarcialaw.com
The Law Office of Ray Garcia, P.A.
14850 SW 26 Street

Suite 204
Miami, Florida 33185

# EXHIBIT 1



**City of Lauderhill**
**Fire Prevention/Building Division**
**2000 City Hall Drive**
**Lauderhill, Florida 33313**

Phone 954-730-3060
Fax     954-730-3071

# CRITIQUE

Plan Review

PROJECT/OWNER _Rose Wise_          DATE _11/20/04_
ADDRESS _8080 NW 44 CT_          GROUP ____ TYPE ____
CONTRACTOR _____          RES. ____ COM. ____
CONTACT PERSON _____

Original May Be Duplicated but not remove
from the Department.

CONTACT CALLED ____ YES ____ No ____ Time ____
PLAN REVIEW   1   2   3   4   5

CONTROL/PERMIT NUMBER _04410066_

## CORRECTIONS REQUIRED

**STRUCTURAL**
Sean Flanagan
954-714-3111

**LUMBING**
Hugh Howell
954-714-3112

**FIRE**
Marc Celetti
954-730-3057
Mark Falzone
954-730-3058
Tim Hancock
954-714-3110
Bob Elmore
954-714-3114

**ELECTRICAL**
Bob Clarke
954-730-3063

**MECHANIAL**
Mike Beck
954-730-3060

**ZONING**
Bob Schankweiler
954-730-3050

— Due to the hazardous conditions
of this property, particulary the Roof
truss system, it is unsafe for
anyone to work on this structure
who is not licensed and insured.

— You need to hire a contractor.

30 day to complete
Permit Rejected
Reason
need Contractor
to do work due to
Hazard

# EXHIBIT 2

# CITY OF LAUDERHILL

2000 CITY HALL DRIVE - LAUDERHILL, FL 33313
TELEPHONE 730-3060  FAX 730-3071

DATE _11 - 03 04_

## BUILDING PERMIT

THE UNDERSIGNED APPLICANT DOES HEREBY request that a building permit be issued on the basis of and subject to the herein set forth information as supplemented by herewith submitted building plans and specifications, with the understanding that all Federal, State, County and City rules and regulations shall be complied with whether specified in this application and accompanying plans or not.

**FAILURE TO COMPLY WITH THE MECHANICS LIEN LAW CAN RESULT IN THE PROPERTY OWNER PAYING TWICE FOR BUILDING IMPROVEMENTS**

Permit expires if construction has not begun within 180 days.  Plans must be on job before inspection will be made.  At least 1 inspection to be made every 90 days or permit expires.  Obtain certificate of occupancy from Dept. before  using completed building.

NOTICE: In addition to the requirements of this permit, there may be additional restrictions applicable to this property that may be found in the public records of this county, and there may be additional permits required from other governmental entities such as water management districts, state agencies, or federal agencies.

NAME _Rose  Wise_

ADDRESS _8080 NW 44th ct_
_Lauderhill  Fla_

PHONE _954-1098-31660_

FOLIO NUMBER _49411016016400_

LOT _____ BLOCK _____

SUBDIVISION _____

JOB ADDRESS _8080 NW 44th ct_

PERMIT # _04110066._

_DEMO·ONly_
_Of Fire Prturn of house_

**Proof that house was not $50 damage after fire.**

### CONTRACTOR

STATE CERTIFICATION # _____
CERTIFICATE OF COMPETENCY # _____
STATE REGISTRATION # _____
COMPANY NAME _____
ADDRESS _____
PHONE _____

### ARCHITECT/ENGINEER

NAME AND CLASS _____
ADDRESS _____
PHONE _____

| THIS PERMIT INCLUDES: | ESTIMATED VALUE | FEE |
|---|---|---|
| BUILDING | $ | $ |
| FENCE | | |
| SIDEWALK | | |
| POOL | | |
| ENCLOSURE | | |
| ROOF | | |
| PAVING | | |
| OTHER _Demolition_ | 500.00 | 25.00 |
| PLUMBING | | |
| MECHANICAL | | |
| ELECTRICAL | | 30.00 |
| FIRE PROTECTION | | |
| COUNTY FEE | | |
| TOTAL AMOUNT DUE $ | $500 | |

ZONING _____   NO. STORIES _____   PARKING _____
GROUP OCC. _____   FT. PER FL. _____   LOWEST FINISH FL. ELEVATION _____
TYPE CONST. _____   NO. UNITS _____   FLOOD ZONE _____

**OWNER'S AFFIDAVIT:** I certify that all the foregoing information is accurate and that all work will be done in compliance with all applicable laws regulating construction and zoning.

SIGNATURE _Rose Wise_
OWNER'S SIGNATURE

SIGNATURE _____
CONTRACTOR

DATE _____

DATE _____

NOTARY as to Owner or Agent
MY COMMISSION EXPIRES: _____

NOTARY as to Contractor
MY COMMISSION EXPIRES: _____

BRIEF JOB DESCRIPTION _Demolition  from fire - Roof_
_ONLY_

CONDITIONS UNDER WHICH APPROVED _____

CONNECTION FEE _____

PAID _____

INIT. _____

**APPLICATION APPROVAL**
This permit does not become valid until signed by an authorized representative of the Lauderhill Department and all fees paid.

BY _____
BUILDING OFFICIAL

PROOF OF OWNERSHIP _____

CONTRACTOR LICENSED _____

| | APPROVED | DISAPPROVED | REASON |
|---|---|---|---|
| ZONING | | | |
| STRUCTURAL | | DT | 11/10/04 |
| PLUMBING | | | |
| ELECTRICAL | QC | 11-10-04 | |

WHITE — FILE COPY      YELLOW — APPLICANT'S COPY

M 21-102

Roof Plan

1. ALL WINDOWS
2. Sheet Rock
3. Electrical Wire
4. DUCK WORK
5. ANY 2x4 or wood (Structur AS to Code
6. ANY Roof Boards That Has To come out as FAr AS Code WANts



ALL Sheetrock
walls + ceillings
Studs what
ever Needed

Floor Plan









PERMIT # 04110066   DATE
CITY OF LAUDERHILL, FLORIDA
FIRE PREVENTION AND BUILDING DIVISION

City Of Lauderhill, Florida
Fire Prevention and Building Division

RC 11-10-04   A   4/10/04





New house to be built

NEW 22SH WINDOW
BUY OWNER

NEW 22SH WINDOW
BUY OWNER

NEW WINDOW
BUY OWNER

NEW DOOR & SIDELIGHTS
BUY OWNER

NORTH ELEVATION
SCALE:1/4"=1'-0"

NEW WINDOW
BUY OWNER

NEW 22SH WINDOW
BUY OWNER

REPLACE W/NEW
(2)24 SH

WEST ELEVATION
SCALE:1/4"=1'-0"

SECTION AT STAIRCASE

REPLACE W/NEW
(2)24 SH

REPLACE W/NEW
(2)24 SH

NEW 22SH WINDOW
BUY OWNER

NEW (2) 3668 FG
BY OWNER

EAST ELEVATION
SCALE:1/4"=1'-0"

REPLACE W/
1/2 34 SH



# EXHIBIT 3

ROSE WISE

Plaintiff,

v.

CITY OF LAUDERHILL,
a municipal corporation and political
subdivision of the State of Florida,

Defendant.

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 07-

07005340

MAR 1 2 2007

18

A TRUE COPY
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT

## COMPLAINT AND JURY DEMAND

COMES NOW the plaintiff, ROSE WISE, through the undersigned counsel, and says:

### GENERAL ALLEGATIONS

1. This action seeks various relief for general and special compensatory damages and various equitable relief for the wrongful demolition of plaintiff's house. The amount in controversy exceeds $15,000.00.

2. Plaintiff Rose Wise has complied with all conditions precedent to the filing of this lawsuit and has exhausted her administrative remedies.

3. This action properly lies in Broward County as the unlawful conduct which leads to this claim arose in Broward County and defendant is a municipality in Broward County.

4. Plaintiff, owned a home located at 8080 NW 44th Court, Lauderhill, Florida 33151.

5. At all times hereinafter mentioned, defendant is a municipality and a subdivision of the State of of Florida and conducts a significant amount of business in Broward County,

Florida.

## COUNT I

6.   Plaintiff incorporates by reference the allegations of paragraphs "1", "2", "3", "4" "5", and "6",  and realleges same as if separately plead herein.

7.   Plaintiff applied for a building  permit from the City of Lauderhill in December, 2004 and was granted the permit on December 10, 2004.

8.   Under the July 18, 2005 order, plaintiff had until August 15, 2005 to renew her permit and until September 18, 2005 to submit plans for reconstruction.

9.   Plaintiff duly applied for said permit which was wrongfully denied by the defendant City of Lauderhill. It was arbitrary and capricious to deny her this permit.

10.   Plaintiff had complied with the order at the time and requested that the defendant reconsider its denial of the permit.  However, the request to reconsider was denied and the house was demolished on or about  January 7, 2006.

11.   As a direct and proximate result of these wrongful acts by the defendant City of Lauderhill, plaintiff's  home was wrongfully demolished, and she incurred legal fees and related expenses.

12.   Defendant willfully or intentionally made illegal, improper, or perverted use of process.

13.   Defendant had ulterior motive or purpose in exercising the process.

14.   As a result of the defendant's wrongful destruction of her home, plaintiff has suffered damages.

15.   As a result of the foregoing conduct by defendant, plaintiff suffered damages and other compensatory damages, in excess of fifteen thousand ($15,000.00).

WHEREFORE, Plaintiff respectfully requests that this Court issue and Order and enter a

Judgment for the damages sustained by plaintiff including compensatory damages in an amount

in excess of $15,000.00 and any other relief that is just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right.

Dated: Fort Lauderdale, Florida
     January 3, 2007

                   KARLIN LAW GROUP, P.A.

                   STEWART LEE KARLIN, ESQ,
                   Attorney for Plaintiff
                   Karlin Law Group, P.A.
                   500 West Cypress Creek Road, Suite 230
                   Fort Lauderdale, Florida 33309
                   (954) 462-1201
                   edlawkarlin@aol.com
                   Florida Bar No. 0961159

Florida Courts E-Filing Portal

Page 1 of 1



| 🗨 My Casenone | 🖅 My Filingsnone | 🖋 Sign Outnone |
| 🖅 Existing Casenone | 🖅 New Casenone | |
| 🗀 Appellate Workbenchnone | 🕮 E-Filing Mapnone | |

| My Account | Filing Options | Welcome - Ira Scot Silverstein |
| | | Last signed in on - 04/02/2015 11:25:17 AM |

**News & Information**

- Check out what's new for filers in our upcoming Release. Read More ...none
- Per Administrative Order 2014-37-CO, all cases stemming from a Credit Card Debt should be filed at the County Civil division as determined by your physical primary offic AO in its entirety for pertinent details:

## Filing Received Confirmation

1 document is successfully submitted for filing to Trial Court for Broward County, Florida Circuit Civil Division
Uniform Case # you have provided is 062007CA005340AXXXCE
Court Case # you have provided is CACE-07-005340
Reference # for this filing is 25645833

Important: If you should contact the court about any document in this filing, please provide this Filing # to help us locate this filing.

You may want to print this page for your records. 🖶 Printnone

### Recent Filings

| Filing/NEF | Case Style/Docket | Court Case # | Status | Court | Submission Date | Completion Date/Remarks |
|---|---|---|---|---|---|---|
| 25645833 | WISE, ROSE VS LAUDERHILL CITY OFnone | CACE-07-005340 | Received | Broward | 04/02/2015 03:05:19 PM | |
| 25643956 🗐 none | FIRST HORIZON HOME LOANS, VS BANOSARAUZ, FRANCISCO Jnone | 2014CA001411 | Pending Filing | Seminole | 04/02/2015 02:48:50 PM | |
| 25635208 🗐 none | Reo I Llc, Prof 2013 S3 vs Kubo, Elidenone | 2014-032601-CA-01 | Pending Review | Miami-Dade | 04/02/2015 01:16:43 PM | |
| 25628057 🗐 none | PROVIDENT FUNDING ASSOCIATES L VS SEVEN HILLS HOMEOWNERS ASSOCIAnone | 16000318CAAXMX | Pending Review | Hernando | 04/02/2015 11:51:21 AM | |
| 25627576 🗐 none | PROVIDENT FUNDING ASSOCIATES, L.P. - RICHA, BECHARA Anone | 16-2014-CA-006609-XXXX-MA | Pending Filing | Duval | 04/02/2015 11:40:05 AM | |
| 25624801 🗐 none | Personal Investment Inc Plaintif vs Romero, Daniel et al Defendantnone | 15-CA-050129 | Pending Review | Lee | 04/02/2015 11:12:50 AM | |
| 25623304 🗐 none | Personal Investment Inc Plaintif vs Romero, Daniel et al Defendantnone | 15-CA-050129 | Pending Review | Lee | 04/02/2015 10:57:54 AM | |
| 25621970 🗐 none | ASSOCIATES, L.P., PROVIDENT FUNDING - HINDS, YVONNE Jnone | 16-2015-CA-000125-XXXX-MA | Filed | Duval | 04/02/2015 10:44:20 AM | 04/02/2015 01:45:53 PM |

Florida Courts E-Filing Portal

Page 1 of 1



⚲ My Casesnone  ⚲ My Filingsnone  ⚲ Sign Outnone
⚲ Existing Casenone  ⚲ New Casenone
⚲ Appellate Workbenchnone  ⚲ E-Filing Mapnone

My Account | Filing Options

Welcome - Ira Scot Silverstein
Last signed in on - 03/23/2016 10:54:15 AM

**News & Information**

- Check out what's new for filers in our upcoming Release. *Read More* ...none
- Per Administrative Order 2014-37-CO, all cases stemming from a Credit Card Debt should be filed at the County Civil division as determined by your physical primary offic
  AO in its entirety for pertinent details.

**Filing Received Confirmation**

1 document is successfully submitted for filing to Trial Court for Broward County, Florida Circuit Civil Division
Uniform Case # you have provided is 062007CA005340AXXXCE
Court Case # you have provided is CACE-07-005340
Reference # for this filing is 25189418

Important: If you should contact the court about any document in this filing, please provide this Filing # to help us locate this filing.

You may want to print this page for your records. ⚲ Printnone

**Recent Filings**

| Filing/NEF | Case Style/Docket | Court Case # | Status | Court | Submission Date | Completion Date/Remarks |
|---|---|---|---|---|---|---|
| 25189418 | WISE, ROSE VS LAUDERHILL CITY OFnone | CACE-07-005340 | Received | Broward | 03/23/2015 12:21:30 PM | |
| 25177329 ⚲ none | FUND LLC, WEST COAST VS WEST, PETER Wnone | 2014CA000982AXMX | Pending Review | Sumter | 03/23/2015 10:11:43 AM | |

none    none  ①  none    none