UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:   15-CV-60686 – DPG

ROSE WISE,

  Plaintiff

vs.

CITY OF LAUDERHILL, a municipal
Corporation and political subdivision of
the State of Florida,

  Defendant.

_____/

## DEFENDANT'S AMENDED VERIFIED MOTION FOR ATTORNEYS' FEES AND/OR NON-TAXABLE COSTS

Defendant, City Of Lauderhill (the "Defendant" or "City"), pursuant to Federal Rule of Civil Procedure 54 and Local Rule 7.3, respectfully moves for an award of his attorneys' fees and non-taxable costs against Plaintiff, Rose Wise ("Wise"), and states:

1. On July 14, 2016, this Court entered Judgment in favor of Defendant. [D.E. 47]. Defendant is the prevailing party. *Embroidme.com, Inc. v. Travelers Property Casualty Company of America*, 2014 WL 5325211, *2 (S.D. Fla. 2014); *Hernandez v. Motorola Mobility, Inc.*, 2013 WL 4773263, *3 (S.D. Fla. 2013).   The Defendant moved for fees and costs under Section 768.79, Florida Statutes, as a consequence of the Plaintiff's failure to accept an offer of judgment served on her on December 22, 2015. [D.E.49]. The Defendant inadvertently failed to include the $400.00 filing fee it paid when the case was removed to this Court.   The Defendant thus files its amended motion to include the filing fee which is part of the Defendant's Bill of Cost separately

filed with this motion.[1]

**Entitlement to Attorneys' Fees**

2.      Defendant is entitled to recover his attorneys' fees and non-taxable costs on two grounds.

3.      First, on December 22, 2015, Defendant served a Proposal for Settlement on Plaintiff.  *See Exhibit "A."*  Plaintiff failed to accept that Proposal.  Defendant is entitled to an award of his attorneys' fees incurred from December 22, 2015 forward pursuant to Section 768.79, Florida Statutes.

4.      A federal court presiding over claims arising under Florida law may apply and award fees under Section 768.79.  In this case, the Plaintiff initially asserted claims for alleged violation of her federal substantive due process rights, inverse condemnation and trespass. The federal constitutional claim was dismissed on October 8, 2015. [D.E.17].  The City served its proposal for settlement on the remaining state law claims over two months later on December 22, 2015.  This Court can enforce Section 768.79's fee provisions to award attorneys' fees, even in the absence of a corollary federal statute or rule.  *De Varona v. Discount Auto Parts, LLC*, 935 F.Supp.2d 1335, 1343 (S.D. Fla. 2013).  *See also Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 149-152 (11th Cir. 2008) (confirming applicability of Section 768.79 in federal court proceedings and affirming district court's award of $223,158.97 under that statute); *Kearney v. Auto-Owners Insurance Company*, 713 F.Supp.2d 1369, 1372-1373,1379 (M.D. Fla. 2010) (awarding $209,685.50 in attorneys' fees under Section 768.79). Defendant's Proposal for Settlement complies with all of the requirements of Section 768.79.  Thus, the City is entitled to

---

[1] The Defendant is seeking a supplemental judgment for its fees and costs including those costs enumerated in   its Bill of Costs.   Therefore, the Defendant has included all of its fees and costs (taxable and non-taxable) in its prayer

its attorneys' fees incurred since December 22, 2015.

## Amount of Attorneys' Fees

5.      The reasonable and necessary services provided by the undersigned firm are reflected in the invoices *attached as Exhibit "B."* The total amount of attorneys' fees sought is $11,707.50 (66.9 hours at a rate of $175.00 / hour) broken down as follows:

The Waldman Firm served as counsel for the Defendant from June 11, 2014 and through the present.   The attorneys for this firm providing services in the case include William E. Calnan, Douglas T. Marx and Moura Sheron.   The fee agreement between the City and the Waldman Firm was based on an hourly rate for all attorneys at $175.00 per hour.

William E. Calnan (46.3 hours).   Mr. Calnan acted as lead counsel and is a partner with the Firm.   He has been licensed to practice law in the State of Florida since 1992.   A summary of Mr. Calnan's experience and qualifications is provided in the biography *attached as Exhibit "C."*

Douglas T. Marx:  (8.8 hours).   Mr. Marx is a partner with the Firm.   He has been licensed to practice law in the State of Florida since 1996.   A summary of Mr. Marx's experience and qualifications is provided in *Exhibit "D."*

Moura Sheron (11.8 hours). Ms. Sheron is an associate with the Firm. She has been licensed to practice law in the State of Florida since 1994.

## Non-Taxable Costs and Taxable Costs

6.      Defendant also seeks to recover its taxable and non-taxable costs in the amount of $1691.60.   The Defendant will file its Bill of Costs simultaneously with the filing of this motion.

---

for relief so that all fees and costs can be included in one supplemental judgment.

The non-taxable cost is for Defendant's attendance at mediation.  Defendant's one-half share of the mediation fee was $800.00.  *See Exhibit "E."*  Under some circumstances, mediation expenses can be recovered, though not expressly provided for in 28 U.S.C. § 1920, if it can be shown that it is the prevailing practice to bill clients for those expenses.  *See Bacon v. Stiefel Laboratories, Inc.*, 2014 WL 4825279, *10 (S.D. Fla. 2014).   Here, we show it is the prevailing practice for the City to be billed for its share of the mediation expense because: (1) the City was court-ordered to attend mediation, and (2) the City was specifically charged (and paid) for those expenses.  *See Waldman Invoice, dated June 1, 2016.* As stated, the Plaintiff does not object to the costs sought by the Defendant.  The other costs are for the filing fee to remove the case to this Court ($400.00) and the deposition of the Plaintiff which was filed and relied upon in support of the Defendant's motion for summary judgment in the amount of $691.60, also *attached in "Exhibit E.*"   The Plaintiff does not object to those costs either.

### Conclusion

7.      Based on the foregoing, the City is entitled to reimbursement of its attorneys' fees and non-taxable expenses as follows:

I.      Attorneys' fees directly incurred by Defendant since service of its Offer of Judgment in the amount of $11,707.50.                   .

II.      Non-Taxable Costs in the amount of $800.00.                   .

III.      Taxable Costs in the amount of $1,091.60.

Defendant further requests that a supplemental judgment be entered against Plaintiff, Rose Wise, in these amounts, totaling: $13,599.10.

## Certificate of Good Faith Conference

In accordance with *S.D. Fla. L.R.* 7.1.A.3, the undersigned certifies that it has conferred

with counsel for the Plaintiff the Plaintiff opposes the motion as to fees but does not object to the

costs sought by the Defendant.

Respectfully submitted,

**WALDMAN TRIGOBOFF HILDEBRANDT
MARX & CALNAN, P.A.**
*Attorneys for City of Lauderhill*
Broward Financial Center
500 East Broward Blvd., Suite 1700
Fort Lauderdale, FL 33394
Telephone: (954) 467-8600; Fax: (954) 467-6222

By:      */s/ William E. Calnan*
       William E. Calnan, Esq.
       Florida Bar No.   938785
       wcalnan@waldmanlawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by

E-Service this 15th day of August, 2016 upon: Ray Garcia, Esq., counsel for Plaintiff;

service@raygarcialaw.com; rgarcia@raygarcialaw.com.

**WALDMAN TRIGOBOFF HILDEBRANDT
MARX & CALNAN, P.A.**
*Attorneys for City of Lauderhill*
Broward Financial Center
500 East Broward Blvd., Suite 1700
Fort Lauderdale, FL 33394
Telephone: (954) 467-8600; Fax: (954) 467-6222

By:      */s/ William E. Calnan*
       William E. Calnan, Esq.
       Florida Bar No.   938785
       wcalnan@waldmanlawfirm.com

## **Certification**

I am counsel for the Defendant, the City of Lauderhill. For the preparation of this Motion, I obtained and reviewed the invoices of my law firm which provided legal services to the Defendant in this case, along with the invoices for the referenced costs.

I declare under penalty of perjury, that the foregoing fees and costs are correct and were incurred in this action and that the services for which fees were charged were actually and necessarily performed.


 08/ 15 /16                                         */s William E. Calnan*
Date                                                    William E. Calnan