UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-60686-GAYLES/Turnoff

ROSE WISE,

   Plaintiff,

vs.

CITY OF LAUDERHILL, a municipal
corporation and political subdivision of
the State of Florida,

   Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** came before the Court upon Defendant's Amended Verified Motion for Attorney's Fees and/or Non-Taxable Costs (ECF No. 51), Defendant's Motion for Attorney's Fees and/or Non-Taxable Costs (ECF No. 49), Defendant's Bill of Costs (ECF No. 50), and Plaintiff's request for a stay pending appeal (ECF No. 59). These matters were referred to the undersigned by the Honorable Darrin P. Gayles, United States District Court Judge for the Southern District of Florida. (ECF No. 64). The Court has reviewed the written and oral arguments, the record, the applicable law, and is otherwise duly advised in the premises.

### Background

This action was removed to federal court on April 3, 2015. (ECF No. 1). Plaintiff Rose Wise sued Defendant City of Lauderhill alleging, *inter alia*, that her property was wrongfully demolished after being declared an "unsafe structure." She asserted claims for alleged violation of her federal substantive due process rights, inverse condemnation, and trespass. The federal constitutional claim

was dismissed on October 8, 2015. (ECF No. 17).

Defendant moved for summary judgment (ECF No. 38), while Plaintiff moved to remand the case to state court (ECF No. 43). The Court denied the latter and granted the former, on July 13, 2016. (ECF No. 46). The Court entered Final Judgment in favor of Defendant, on July 14, 2016. (ECF No. 47). Defendant, as the prevailing party, moved for an award of attorney's fees and costs under Fla. Stat. § 768.79, due to Plaintiff's failure to accept an offer of judgment served on December 22, 2015. (ECF No. 51).

On August 12, 2016, Plaintiff filed a *pro se* notice of appeal, even though she was represented by counsel. (ECF No. 48). The appeal is pending before the Eleventh Circuit. On September 12, 2016, Plaintiff filed a *pro se* response to the fees and costs motion. (ECF No. 59). Thereafter, on September 15, 2016, Plaintiff's counsel filed a motion to withdraw that was granted on December 9, 2015. (ECF No. 67). On January 9, 2017, Plaintiff filed a notice of intent to proceed *pro se*. (ECF No. 70).

The total amount of attorney's fees sought is $11,707.50, comprised of 66.9 hours, at an hourly rate of $175.00, based upon the fee agreement between counsel and the City of Lauderhill. The Waldman Firm served as counsel for Defendant from June 11, 2014, through present. Three attorneys worked on this matter as follows: William E. Calnan - 46.3 hours; Douglas T. Marx - 8.8 hours; and Moura Sheron - 11.8 hours. Plaintiff failed to object to any time entries, both as to entitlement and amount.

Defendant also sought to recover taxable and non-taxable costs in the amount of $1,691.60. The non-taxable cost was for Defendant's one-half share of the mediation fee in the amount of $800.00. The taxable costs consisted of the following: $400 in filing fees, and $691.60 incurred in

connection with obtaining the transcript of Plaintiff's deposition. Both of these costs were properly documented by Defendant. In her response, Plaintiff failed to object to the costs requested by Defendant.

Plaintiff's *pro se* response to the fees and costs motion sought to stay adjudication pending resolution of the appeal. (ECF No. 59). However, as Defendant noted in its reply, Plaintiff failed to provide any factual or legal basis to stay or deny the motion for fees and costs. (ECF No. 63). As such, the undersigned **RECOMMENDS** that Plaintiff's request for a stay be Denied.

The court has reviewed the time entries submitted by Defendant. Some of the entries appear to be inappropriately block-billed. To account for such infirmity, the undersigned **RECOMMENDS** that a five per cent (5%) reduction ($585.38) be applied across-the-board to the requested amount of attorney's fees, for a total of $11,122.13.

With respect to the taxable costs, the court finds that these are recoverable by Defendant under § 1920. As such, the undersigned **RECOMMENDS** that Defendant be awarded $1,091.60 in taxable costs.

With respect to recovery of the non-taxable cost of the mediation share, Defendant argued that such may be recoverable relying upon Bacon v. Stiefel Laboratories, Inc., No. 11-20489-CIV, 2014 WL 4825279, at *10 (S.D. Fla. Sept. 25, 2014), wherein the court found that certain costs were awardable under 29 U.S.C. § 1132(g)(1), though not under § 1920. However, Bacon was brought under the Employee Retirement Income Security Act of 1974 (ERISA), and § 1132 falls thereunder. ERISA is not at issue in this case. Thus, § 1132 is inapplicable. Accordingly, the undersigned **RECOMMENDS** that recovery of this non-taxable cost be Denied.

## Recommendation

Accordingly, it is hereby **RESPECTFULLY RECOMMENDED** that and Plaintiff's request for a stay pending appeal (ECF No. 59) be **Denied**; Defendant's Motion for Attorney's Fees and/or Non-Taxable Costs (ECF No. 49) be **Deemed Moot**; Defendant's Amended Verified Motion for Attorney's Fees and/or Non-Taxable Costs (ECF No. 51) be **Granted-in-part**, and Defendant be awarded the amount of $11,122.13 in attorney's fees; and Defendant's Bill of Costs (ECF No. 50) be **Granted**, and Defendant be awarded $ 1,091.60 in taxable costs, for a total award of **$12,213.73**.

Pursuant to S.D. Fla. Magistrate Rule 4(b), the parties may serve and file written objections to this Recommendation with Judge Gayles within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, this __ day of January 2017.

WILLIAM C. TURNOFF
**United States Magistrate Judge**

cc: Hon. Darrin P. Gayles
All Counsel of Record